**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MARCUS ANTHONY TERRELL, | : | |
| GDC ID 831124, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-3442-WSD-CMS |
| MUNICIPAL CORPORATION OF | : | |
| GWINNETT, et al., | : | |
|     Defendants. | : | |

**FINAL REPORT AND RECOMMENDATION**

This is the second civil case filed *pro se* by state inmate Marcus Anthony Terrell. Terrell's first case was dismissed without prejudice, and the Court sent Terrell the instructions and forms necessary to file a lawsuit in the Southern District of Georgia. *See Terrell v. Municipal Corp. of Gwinnett*, No. 1:15-CV-4101-WSD (N.D. Ga. dismissed Sept. 27, 2016) ("*Terrell I*"). Terrell has nonetheless elected to refile in this Court. For the following reasons, the undersigned (A) **RECOMMENDS** that this case also be **DISMISSED WITHOUT PREJUDICE** and (B) **DENIES** all pending motions.

It appears that Terrell has been incarcerated in the Georgia state prison system since May 2013, serving a life sentence plus a term of years

for rape and other crimes. *See* http://www.dcor.state.ga.us/GDC/Offender/Query (last viewed Jan. 9, 2017; searched for GDC ID 831124); *see also* [6] at 40 (stating Terrell is serving "3-Lifes & 50 yr sentence").

In November 2015, Terrell initiated *Terrell I* by filing a two-page "Motion to Compel for Assistance and Leave to Proceed," together with three pages of attachments. *See Terrell I* [1 therein]. Terrell did not pay the $400 due in case initiation fees or seek permission to proceed *in forma pauperis* ("IFP").

In December 2015, noting several significant deficiencies in Terrell's filings, including that substantially all the events about which he was complaining had occurred in the Southern District of Georgia, the undersigned recommended dismissal without prejudice. *See Terrell I* [2 therein]. The Clerk of the Court forwarded to Terrell copies of the instructions and forms needed to refile his claims in the Southern District of Georgia. *See id.* Terrell did not object, and this Court dismissed *Terrell I* in late September 2016. *See id.* [4 therein] & [5 therein].

In the meantime, Terrell initiated this case by filing a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and an Affidavit in Support of

2

Request to Proceed [IFP] in early September 2016. *See* [1] & [2]. In October 2016, Terrell filed a Motion for Appointment of Counsel, a document titled "Motion Notice of Leave" seeking permission to amend his complaint, and an Amended Complaint. *See* [4], [5] & [6].

On December 9, 2016, the undersigned issued an Order that (1) denied without prejudice Terrell's application for permission to proceed IFP and ordered him to submit a complete IFP application or to pay the $400 due in case initiation fees within twenty-one days, (2) denied without prejudice Terrell's motion for the appointment of counsel, and (3) granted Terrell permission to amend his complaint. *See* [7].

Terrell's mother then filed an "Emergency Motion to Comple [sic]," complaining that Terrell is unable to file a complete IFP application within the twenty-one day period that this Court's December 9, 2016 Order allowed him. *See* [8]. Terrell's mother's motion requested an extension of time on his behalf to file a complete IFP application. That motion is denied for the following reasons.

Federal law provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as,

by the rules of such courts, respectively, are permitted to manage the conduct causes therein." 28 U.S.C. § 1654. Terrell's mother is not an attorney admitted to practice law before this Court and therefore cannot act as Terrell's "attorney."

Terrell also filed on his own behalf a "Notice of Motion; Motion to Compel for Extra-Time to File I.F.P." *See* [10]. This filing acknowledges that Terrell received the December 9, 2016 Order on December 13, 2016. *See id.* at 2. It further states that Terrell collected and completed the documents necessary to "compl[y] with this Court's Order," but instead of mailing them to the Court, mailed them to his mother. Terrell states that he "has no idea what has become of his mail and documents." *Id.* at 3.

It is noteworthy that Terrell does not state that he has attempted (or will attempt) to obtain replacement copies of the "lost" documents. And, as of today's date, the docket does not reflect that Terrell's mother has forwarded to the Court any of the documents that he sent to her. Under these circumstances, Terrell has not demonstrated good cause for his failure to comply with the Court's December 9, 2016 Order, and his motion for an extension of time to do so is denied.

In any event, it is evident from the face of Terrell's Amended Complaint that he has stated no cause of action upon which relief may be granted in this Court.

As this Court explained to Terrell in *Terrell I*, "to the extent [Terrell] wishes to sue [Smith State] Prison officials for actions taken in Tattnall County, [Terrell's] suit should be filed in the Southern District of Georgia." *Terrell I* [4 therein] at 2. This continues to apply to Terrell's repeated claims in this case that Smith State Prison's policies and personnel have violated his constitutional rights.

And, although Terrell again seeks to name the "Municipal Corporation of Gwinnett" as a defendant in this case, he has (as in *Terrell I*), stated no cognizable federal civil rights claim against that entity. Terrell contends in his Amended Complaint that "the Municipal Corporation of Gwinnett [is responsible] for erecting unconstitutional policys, which was put enforce for reasons of discrimination, & retaliation, in a willful, corrupt, malicious, unskillful manner, deliberate indifferent to Petitioner's First, Sixth, Fith, & Fourteenth, & Seventh, Amendment U.S. Constitutional Rights." [6] at 5 (spelling and punctuation as in original document); *see*

5

*also* [6] at 14-16.  But Terrell has included no factual allegations in his Amended Complaint that support this conclusory statement.

Moreover, to the extent Terrell intended to incorporate by reference his entire original Complaint in his Amended Complaint, the original Complaint also fails to state any cognizable claims against the "Municipal Corporation of Gwinnett" for at least two reasons.

First, because all of Terrell's claims relating to his indictment and criminal trial in Gwinnett County "allege harm whose unlawfulness would render a conviction or sentence invalid," Terrell may not bring those claims in a federal civil rights action without first showing that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Terrell has not met this threshold requirement, and his claims against the "Municipal Corporation of Gwinnett" are barred for this reason.

Second, even if Terrell's claims were not *Heck*-barred, they relate to events alleged to have occurred in 2013 (or earlier).  *See* [1] at 5-6; [6] at

29-31. Therefore, even assuming solely for the sake of discussion these events might support a federal civil rights claim, it is apparent that such claims are now time-barred. *See, e.g., Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (noting that in Georgia, the statute of limitations for a § 1983 claim is two years).

Because Terrell has stated no claim upon which relief may be granted in this Court, his "Notice of Motion[;] Motion for Temporary Restraining Order" [11] seeking injunctive relief against Smith State Prison officials located in the Southern District of Georgia must also be denied.

Under all the circumstances, the undersigned concludes that dismissal without prejudice would best serve the interests of justice in this case, to afford Terrell another chance, if he elects to take it, to file his claims against the Smith State Prison officials in the Southern District of Georgia. *See generally* 28 U.S.C. § 1406(a) (allowing dismissal of a case "laying venue in the wrong division or district").

Because this Court previously provided Terrell with the Southern District of Georgia's form Instructions for Filing Complaints by Prisoners Under the Civil Rights Act and form Application to Proceed In District

Court Without Prepaying Fees or Costs, *see Terrell I* [2 therein] at 3, there is no need to provide him with additional copies now.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 3rd day of February, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE