IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCUS ANTHONY TERRELL,<br><br>**Plaintiff,**<br><br>v.<br><br>MUNICIPAL CORPORATION OF GWINNETT, WARDEN DOUG WILLIAMS, and UNKNOWN INSURANCE PROVIDERS<br><br>**Defendants.** | 1:16-cv-3442-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [12] ("R&R"). The R&R recommends the Court dismiss this action without prejudice. Also before the Court are Plaintiff Marcus Anthony Terrell's ("Plaintiff") Objections to the R&R [21]. Also before the Court are Plaintiff's Motions to Compel [15], [17], Motion for Leave to Amend Complaint [18], and Motion for Leave to File Excess Pages [22] (collectively, the "Post-R&R Motions").

**I.    BACKGROUND**

Plaintiff, who has been incarcerated in the Georgia state prison system since May 2013, is serving a life sentence plus a term of years for rape and other crimes.

In November 2015, Plaintiff filed <u>Terrell v. Municipal Corp. of Gwinnett</u>, No. 1:15-cv-4101-WSD (N.D. Ga. Dismissed Sept. 27, 2016) ("<u>Terrell I</u>").  On September 27, 2016, the Court dismissed the action without prejudice, finding, among other things, that substantially all of the events alleged in Plaintiff's Complaint occurred in the Southern District of Georgia.  The Court sent Plaintiff the instructions and forms necessary to file a lawsuit in the Southern District of Georgia.

On September 13, 2016, Plaintiff filed his Complaint [1] in this action, containing substantially similar allegations as in <u>Terrell I</u>.  On October 13, 2016, Plaintiff filed his Amended Complaint [6].

On February 3, 2017, the Magistrate Judge issued her R&R.  The Magistrate Judge found that, as in <u>Terrell I</u>, Plaintiff's Amended Complaint does not state any cognizable federal claims against the "Municipal Corporation of Gwinnett."  The Magistrate Judge determined that, to the extent Plaintiff intended to incorporate by reference his original Complaint, his claims against Gwinnett County are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).  Even if Plaintiff's claims were not barred by <u>Heck</u>, his allegations relate to events that occurred in 2013 or earlier, and they are time-barred by the two-year statute of limitations that applies to Section 1983 claims in Georgia.  The Magistrate Judge found that, to the extent Plaintiff

2

seeks to sue Smith State Prison officials for actions taken in Tattnall County, venue is proper in the Southern District of Georgia. Accordingly, the Magistrate Judge recommends the Court dismiss this action without prejudice so that Plaintiff may file his claims against the Smith State Prison officials in the Southern District of Georgia.

On February 8, 2017, through February 15, 2017, Plaintiff filed his Motions to Compel, Motion for Leave to Amend Complaint, and Motion for Leave to file Excess Pages. On February 15, 2017, Plaintiff field his Objections to the R&R. The Objections consist largely of Plaintiff's recitation of the history of various actions he has brought against Defendants.

## II.  DISCUSSION

### A.  Legal Standards

#### 1.  Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1).  Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

        2.     Frivolity Review

28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

    B.    Analysis

Because Plaintiff objects to the R&R, the Court conducts its *de novo* review. Plaintiff's Amended Complaint alleges that "the Municipal Corporation of Gwinnett [is responsible] for erecting unconstitutional policys [sic], which was put enforce [sic] for reasons of discrimination, & retaliation, in willful, corrupt, malicious, unskillful manner, deliberate indifferent to Petitioner's First, Sixth, Fith [sic], & Fourteenth, & Seventh, Amendment U.S. Constitutional Rights."  (Am. Compl. at 5).  Plaintiff did not include any factual allegations in his Amended Complaint to support this conclusory statement, and the Court finds Plaintiff's

Amended Complaint fails to state a claim against the Municipal Corporation of Gwinnett.[1]

To the extent Plaintiff seeks to sue Smith State Prison officials for actions they have taken in Tattnall County, Plaintiff should file suit in the Southern District of Georgia.  See 28 U.S.C. § 1391(b).  Accordingly, Plaintiff's claims against the Municipal Corporation of Gwinnett are dismissed with prejudice, and his claims against Smith State Prison officials are dismissed without prejudice.[2]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [12] is **ADOPTED AS MODIFIED**.

---

[1] To the extent Plaintiff intended to incorporate by reference the allegations he made in his original Complaint, the Court agrees with the Magistrate Judge that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff's allegations relating to his indictment and criminal trial in Gwinnett County "allege harms whose unlawfulness would render a conviction or sentence invalid," and Plaintiff may not bring those claims in a federal civil rights action without first showing that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id.  Plaintiff has not met this requirement, and his claims against the Municipal Corporation of Gwinnett fail for this additional reason.

[2] Because this action is dismissed, Plaintiff's remaining Post-R&R Motions are denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the R&R [21] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Municipal Corporation of Gwinnett are **DISMISSED WITH PREJUDICE**, and his claims against Smith State Prison officials are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Compel [15], [17], Motion for Leave to Amend Complaint [18], and Motion for Leave to File Excess Pages [22] are **DENIED AS MOOT**.

**SO ORDERED** this 24th day of February, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE